OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed on the law, accusatory instruments dismissed and fines, if paid, remitted.
The time period for commencement of the action is, in most instances, measured from the commission of the crime to the commencement of the action (see generally CPL 30.10 [2], [3]). The Criminal Procedure Law provides that a criminal action commences with the filing of an accusatory instrument in the criminal court (CPL 1.20 [16], [17]). With respect to the date the crime is deemed committed, in instances where, as here, the violations are continuous, the limitation period for CPL 30.10 purposes commences on the termination date of the violation and not the starting date (see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.10, at 169).
Inasmuch as the charges alleged in the informations are violations, the People were required to commence prosecution within one year after commission thereof (CPL 30.10 [2] [d]). The in-formations herein charged defendant with committing the violations between February 11, 2000 and July 20, 2001. Since the accusatory instruments herein were dated November 12, 2002, they are untimely. In this regard it should be noted that although the running of the statutory period can be tolled in cases where a criminal action was lawfully commenced within the prescribed period of time and subsequently dismissed under conditions permitting the lodging of another charge for the same offense or an offense based on the same conduct (CPL 30.10 [4] [b]), said section is inapplicable to the case at bar. This court’s dismissal of an earlier prosecution was based on a finding that the information was jurisdictionally defective (see People v Hausch, 2002 NY Slip Op 40360[U] [App Term, 9th & 10th Jud Dists]) and, therefore, will not suffice to toll the running of the statute (see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.10, at 169).
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.